**46**

**Ann Smither NOEL, Appellant,**

v.

**Silas Mercer NOEL, Appellee.**

Court of Appeals of Kentucky.

May 12, 1972.

William E. Johnson, Johnson, Burton & Emberton, Frankfort, for appellant.

Marvin Coles, Frankfort, for appellee.

CATINNA, Commissioner.

This appeal presents a divorce case where the only real issue is whether the wife is entitled to alimony.

Ann Smither Noel and Silas Mercer Noel were first married on March 10, 1952, later divorced, and subsequently remarried on March 19, 1960. They are the parents of two children, Michelle, age 15, and Michael, age 8.

At the time of their second marriage, Ann owned property on Bonnycastle Drive in Frankfort, Kentucky, together with the furniture in the house. Silas apparently had no accumulation of money or property.

The property on Bonnycastle Drive was sold, and a home at 733 Reed Drive was purchased. The Reed Drive property was improved by the addition of a room and the installation of air conditioning. Although title to the property was taken jointly, the down payment and the cost of the improvements were paid with proceeds realized from the sale of the Bonnycastle Drive property. The parties paid $15,500 for the Reed Drive property, payment being in part by a note and mortgage on which there was an unpaid balance of approximately $14,000 at the time of the filing of this action.

The lower court found that Ann had made all the payments on the house at 733 Reed Drive and that the furniture was the property of Ann.

The judgment of the court granted Ann an absolute divorce and restored to her the house at 733 Reed Drive and directed Silas to execute a deed to her conveying his interest in the property. Ann was required to assume the balance of the mortgage inindebtedness against the property. It was

further adjudged that Silas had no interest in the household furniture.

The court awarded Ann the custody of the two children and directed Silas to pay $200 per month for their support and maintenance.

The lower court made no findings on the question of alimony, and the judgment neither awarded nor specifically denied alimony. The record indicated that Ann did not have a sufficient estate of her own. Ann is employed as a secretary for the Kentucky State Bar Assoociation. Her net income is approximately $470 per month. She has no estate other than the mortgaged property at 733 Reed Drive, the furniture, and an automobile.

Silas is presently employed by the Department of Finance of the Commonwealth of Kentucky at a salary of $780 per month. He is also the owner of an undivided ⅓ interest in a farm of 270 acres subject to a life estate in his mother. This property is located in west Frankfort adjoining U.S. Highway No. 127 and the Cloverdale Subdivision. The record fixed the value of this farm at from $135,000 to $162,000, the interest of Silas being worth between $45,000 and $54,000.

The lower court may not have considered the question of alimony within the guidelines of Colley v. Colley, Ky., 460 S. W.2d 821 (1970). Therefore, we remand this case with directions that the parties be permitted to introduce additional evidence on the issue of alimony only, if they so desire, and that the trial court then proceed to determine whether there should be an allowance of alimony and the amount thereof in light of the considerations recited for its allowance in the Colley case.

The judgment is reversed for further proceedings in conformity with this opinion.

All concur.